IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TASHA WILSON-BAZZLE** | : | |
| 2339 Turner Street | : | |
| Philadelphia, PA 19121 | : | |
| **Plaintiff**, | : | |
| | : | Civil Action No.: _____ |
| **v.** | : | |
| | : | |
| **MCR FUND PROPERTY MANAGEMENT** | : | |
| **LLC d/b/a HAMPTON INN** | : | |
| 530 West Dekalb Pike | : | **JURY TRIAL DEMANDED** |
| King of Prussia, PA 19406 | : | |
| | : | |
| **Defendant**. | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, Tasha Wilson-Bazzle ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, MCR Fund Property Management LLC d/b/a Hampton Inn ("Defendant"), alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this Complaint contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq., by terminating Plaintiff because of her actual and/or perceived disabilities, because of her past record of impairment, and/or in retaliation for Plaintiff's protected activity under the above-listed statutes.

2.      Plaintiff further brings this action contending Defendant unlawfully discharged her employment in retaliation for Plaintiff asserting her rights under the Pennsylvania Workers' Compensation Act, in violation of Pennsylvania state common law and public policy.

**PARTIES**

3.      Plaintiff Tasha Wilson-Bazzle is a citizen of the United States and the Commonwealth of Pennsylvania, currently residing at 2339 Turner Street Philadelphia, PA 19121.

4.      Upon information and belief, Defendant MCR Fund Property Management LLC d/b/a Hampton Inn is a for-profit corporation formed under the laws of Delaware.

5.      Upon information and belief, Defendant regularly does business within the Commonwealth of Pennsylvania and operates a place of business located at 530 West Dekalb Pike King of Prussia, PA 19406.

**JURISDICTION AND VENUE**

6.       The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

7.      On or about December 18, 2025, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dually-filed with the Philadelphia Commission on Human Relations (the "PCHR"), thereby satisfying the requirements of 42 U.S.C. §§ 12117(a); 2000e-5(b) and (e). Plaintiff's Complaint was docketed as EEOC Case Number: 530-2026-02313. Plaintiff's Complaint was filed within one hundred and eighty (180) days of Defendant's unlawful employment practice(s).

8.      By correspondence dated February 27, 2026, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge of Discrimination, advising her that she had ninety (90) days to file suit against Defendant.

9.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

10. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This action is authorized and instituted pursuant to the ADA, and PHRA.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her ADA claims.

14. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant does business herein and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL BACKGROUND

15. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

16. Plaintiff began her employment with Defendant in or about October 2024 in the position of Night Auditor and worked under Defendant's General Manager Jamil Reese-Turner at Defendant's location in King of Prussia, PA.

17. Throughout her employment with Defendant, Plaintiff performed her job well, receiving positive reviews of her performance, occasional praise, and no justifiable discipline.

18. By way of background, Plaintiff suffers from spinal stenosis, which constitutes a disability within the meaning of the ADA and PHRA in that it substantially limits one or more major life activities.

19. Pursuant to her disability, on or about December 17, 2024, Plaintiff submitted to Defendant a request for a reasonable accommodation that would allow her to have a chair available at her desk while working and provided medical certifications to that effect.

20. Defendant, however, ignored her request.

21. On or about August 5, 2025, Plaintiff was attacked by an unruly guest while working and suffered significant injuries to her right wrist.

22. Plaintiff's right wrist injury constitutes a disability within the meaning of the ADA and PHRA in that is substantially limits one or more major life activities.

23. After receiving medical treatment, Plaintiff initiated the Workers' Compensation process.

24. On or about August 11, 2025, Plaintiff requested light duty restrictions and a reduced work schedule of four (4)-hour shifts.

25. Plaintiff also reiterated her earlier request for a chair at the desk to accommodate her spinal stenosis.

26. In response, however, Defendant informed her that it did not offer any type of light duty schedules.

27. Defendant's General Manager Jamil Reese-Turner also responded to Plaintiff's request for a chair with annoyance and frustration.

28. Shortly thereafter, on or about August 19, 2025, Defendant abruptly terminated Plaintiff's employment.

29. When Plaintiff inquired about the reason(s) for her termination, Mr. Reese-Turner flatly replied, "Everything."

30. Accordingly, it is believed and therefore averred that Defendant's claimed reason for Plaintiff's termination was pretextual, and that Defendant actually terminated Plaintiff's employment because of her actual and/or perceived disabilities, because of her past record of

impairment, in retaliation for her requesting/requiring reasonable accommodation(s), and in retaliation for her filing a Workers' Compensation claim.

31.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION & RETALIATION**

32.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

33.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

34.     At all times relevant hereto, Defendant had at least fifteen (15) employees.

35.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as Plaintiff's spinal stenosis and right wrist injuries substantially limited her ability to engage in one or more major life activities for an extended period of time.

36.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

37.     Plaintiff requested and required reasonable accommodation(s) in connection with her disabilities.

38.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff because of her actual and/or perceived

disabilities, because of her record of disability/impairment, and in retaliation for requesting reasonable accommodation(s).

39.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, et seq.**
**DISCRIMINATION & RETALIATION – DISABILITY/HANDICAP**

40.    The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

41.    Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

42.    As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

43.    Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

44.    As described above, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff's employment because of her actual and/or perceived disabilities, for Plaintiff's record of impairment/disability, and in retaliation for Plaintiff's requesting/requiring reasonable accommodation(s).

45.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

46.    The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.    Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances; and,

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**
**PENNSYLVANIA COMMON LAW**

47.    The preceding paragraphs are hereby incorporated by reference as if the same were fully set forth at length herein.

48.    On or about August 5, 2025, during the course and scope of her employment, Plaintiff suffered a work-related injury.

49.    Plaintiff sought and received workers' compensation benefits for her workplace injury, for which Defendant retaliated against her.

50.    Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatorily terminating Plaintiff's employment for availing herself of benefits under the Pennsylvania Worker's Compensation Act.

51.    Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than ($150,000.00) one hundred and fifty thousand dollars;

B.      Compensatory damages and lost benefits;

C.      Punitive damages for Defendant's discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

D.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E.      Pre-judgment interest in an appropriate amount; and

F.      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

*/s/ Johannes Hoffman, Esq.*
Johannes Hoffman, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jhoffman@phillyemploymentlawyer.com
*Counsel for Plaintiff*

Dated: March 20, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.